HARRY COHEN, Appellant and Respondent, *v.* RUTH COHEN, Respondent and Appellant.

Argued May 26, 1942; decided October 15, 1942.

*Noah Feldman* for plaintiff, appellant and respondent. With respect to the marital status and the dissolution thereof, the jurisdiction of our courts is statutory and not inherent; therefore the attempt of the Appellate Division to vary, modify or vacate the judgments herein, was without authority. (*Ackerman* v. *Ackerman*, 200 N. Y. 72; *Lynde* v. *Lynde*, 162 N. Y. 405; *Wilson* v. *Hinman*, 182 N. Y. 408; *Livingston* v. *Livingston*, 173 N. Y. 377; *Walker* v. *Walker*, 155 N. Y. 77; *Noble* v. *Noble*, 20 App. Div. 395; *Ambruster* v. *Ambruster*, 170 Misc. Rep. 387; *Stevens* v. *Peoples Bank*, 246 App. Div. 481.)

*Jerome E. Leon* and *George Shakin* for Otto Frankel, *amicus curiæ*. The final judgment of annulment under the law existing at the time of the entry thereof was improperly vacated. (*Feiber*

*Realty Corp.* v. *Abel,* 265 N. Y. 94; *Livingston* v. *Livingston,* 173 N. Y. 377; *Vogel* v. *Edwards,* 283 N. Y. 118; *Ackerman* v. *Ackerman,* 200 N. Y. 72; *Walker* v. *Walker,* 155 N. Y. 77; *Fox* v. *Fox,* 263 N. Y. 68.)

*Joseph Protter* and *John W. Browne* for defendant, respondent and appellant. The Appellate Division had power to vacate the 1938 judgments. (*Matter of Henderson,* 157 N. Y. 423; *Ladd* v. *Stevenson,* 112 N. Y. 325.)

*Per Curiam.* The 1938 judgments of annulment were, as the Appellate Division held, insufficient because they did not comply with the requirements of the statute; (Domestic Relations Law, § 7, subd. 5; Cons. Laws, ch. 14) as to care and maintenance of the defendant during life. Those judgments should either have contained definite provisions for the defendant's care and maintenance throughout her life, regardless of whether she continued to be confined in a State hospital, or they should have contained a grant of leave to defendant to apply, in the future, at the foot thereof for their modification. In correcting these defects in the 1938 judgments, however, the Appellate Division should not have vacated the judgments but should have dealt only with their provisions for defendant's support, particularly since the plaintiff-husband had meanwhile remarried, on the faith of those judgments. The terms of the new, or 1942 judgment here appealed from do, we think, full justice as between the parties, except that the result should have been achieved by a modification of the 1938 judgments, not by the vacating of those judgments, and entry of a new one with a new effective date.

The judgment appealed from should be reversed, without costs, and the case remitted to the Special Term with instructions to enter a new final judgment of annulment in favor of plaintiff and against defendant, to be dated September 26, 1938, and entered *nunc pro tunc* as of that date, which judgment shall otherwise be in all respects identical with the judgment appealed from, except that it shall contain a further provision, reserving to each party the right to apply at any future time, at the foot thereof for modification of the provisions for defendant's care and maintenance, and the security therefor.

The judgment should be reversed, without costs and the case remitted to the Special Term for proceedings in accordance with this opinion.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment accordingly.