16

WALTER D. SPELMAN, Plaintiff, *v.* ELEANOR H. SPELMAN, Defendant.

Supreme Court, Special Term, Queens County, October 18, 1946.

*Milton Pinkus* for defendant.

*James F. Conway* for plaintiff.

FROESSEL, J. The marriage between the parties to this action was dissolved pursuant to subdivision 5 of section 7 of the Domestic Relations Law, because of the defendant's incurable insanity. A final judgment of dissolution was made on September 27, 1938, which granted the custody of the child of the parties to the plaintiff, and directed him to pay either to the Department of Mental Hygiene of the State of New York or the Kings Park State Hospital, Kings Park, New York, or any other State hospital in which the defendant may at any time be confined, the sum of $30 per month for the care and maintenance of the defendant

during her lifetime. The decree also contained a provision that *either party thereto* or the Attorney-General of the State may apply at the foot thereof on due notice for such modification of the monthly payments to be made by the plaintiff for the care and maintenance of the defendant, as the circumstances may require.

The defendant was discharged from the Kings Park State Hospital and an order was made on September 9, 1946, adjudging her to be a person competent to manage her own affairs. She now moves to modify the final judgment of September 27, 1938, in the light of her present circumstances, so as to direct the plaintiff to pay a suitable weekly sum for her support.

The plaintiff husband resists this motion contending that he has complied with all the requirements and provisions of the final judgment of dissolution; that he remarried relying upon the terms and provisions thereof; and that it was not the legislative intention to impose upon a husband who has obtained a judgment of this character any liability for the support of the wife beyond her care and maintenance while insane.

The question here presented has already been passed upon by our appellate courts. In *Cohen* v. *Cohen* (262 App. Div. 765) the Appellate Division, Second Department, by a divided court, held that a wife upon recovering her sanity was entitled to have the judgment of dissolution or annulment vacated for the sole purpose of making appropriate provisions for her care and maintenance from the time of her discharge from an institution. The Court of Appeals (289 N. Y. 145, 147) reversed and remitted the case to Special Term to proceed in accordance with its *per curiam* opinion which stated, in part, that a judgment under subdivision 5 of section 7 of the Domestic Relations Law, should either contain definite provisions for the wife's " care, and maintenance throughout her life, *regardless* of whether she continued to be confined in a State hospital " (italics supplied), or said judgment should have contained " a grant of leave to defendant to apply, in the future, at the foot thereof for  *  *  * modification "; that a judgment of this character should not be vacated upon the recovery of the wife, particularly where the husband had meanwhile remarried on the faith thereof, but should be dealt with only in respect to the provisions for the defendant's support.

It is clear from the opinion of the Court of Appeals that a husband, who has obtained a dissolution of his marriage with his wife upon the ground of her incurable insanity, is obligated to support her during life whether or not she is confined to an

institution or is released therefrom upon recovery. The motion of the defendant here is therefore quite proper.

Inasmuch as the financial situation of both parties does not appear in the papers now submitted, and the movant has requested a reference, the question of the financial circumstances and earnings of both parties is referred to an official referee, to take testimony and report with his recommendations as to what amount the plaintiff should pay the defendant for her suitable care and maintenance during life, subject of course to further modification in the event of a change in circumstances. (Cf. *Frankel* v. *Frankel*, 265 App. Div. 943.) Settle order on notice.